**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0348n.06
Filed: May 19, 2009

**No. 08-5660**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DAVID E. DANNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| COMMISSION ON CONTINUING LEGAL | ) | MIDDLE DISTRICT OF TENNESSEE |
| EDUCATION AND SPECIALIZATION OF | ) | |
| THE TENNESSEE SUPREME COURT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, GILMAN, and COOK; Circuit Judges.

PER CURIAM. David D. Danner sued the Tennessee Commission on Continuing Legal Education and Specialization of the Tennessee Supreme Court (the "Commission") and its Executive Director, David N. Shearon. Though never sanctioned, Danner challenges the constitutionality of procedures—both of the Tennessee Supreme Court and the Middle District of Tennessee—for suspending an attorney. With this summary disposition we affirm the district court's dismissal of Danner's challenge to Middle District of Tennessee Local Rule 83.01 on standing grounds, we affirm its dismissal of Danner's suit against the Commission as barred by the Eleventh Amendment, and

we dismiss as moot Danner's claims against Shearon challenging Tennessee Supreme Court Rule 21.

### A. No standing to challenge the constitutionality of Local Rule 83.01.

The panel adopts the reasoning and conclusion of the district court that the absence of a showing of any injury to Danner by enforcement of the rule against him deprives him of standing.

### B. The Eleventh Amendment immunizes the Commission from suit in federal court.

Assuming Danner could establish standing at the time he filed his complaint—he faced an imminent threat of injury with the Commission's pending draft order of summary suspension—we adopt the district court's reasoning and conclusion that the Eleventh Amendment barred Danner's suit because the Commission is a state agency. We likewise endorse the district court's footnote refuting Danner's argument premised on the self-funded nature of the Commission and its activities.

### C. Danner's claims against Shearon fail on mootness grounds.

The mootness doctrine requires that a justiciable case or controversy continue to exist throughout the litigation. According to the Defendants, Danner currently faces no threat of suspension for failure to comply with the CLE requirements. We therefore dismiss as moot Danner's complaint against Shearon.

No. 08-5660
*Danner v. Commission on Continuing Legal Education*


Contrary to Danner's argument, both the *Rooker-Feldman* doctrine and its exception are inapposite. *Rooker-Feldman* bars a losing party in state court from seeking federal court review of the state court judgment. Exceptions to *Rooker-Feldman* are not exceptions to Article III's justiciability requirements.

**AFFIRMED**.